# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVONNE SHARROW, et al. | : | |
| | : | |
|    Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 3:08-cv-0068 |
|           v. | : | |
| | : | |
| JULES ROY, | : | (JUDGE CAPUTO) |
| | : | |
|    Defendant. | : | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ING INSURANCE COMPANY OF | : | |
| CANADA a/s/o JULES ROY, | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
|           v. | : | |
| | : | |
| YVONNE SHARROW., | : | (JUDGE CAPUTO) |
| | : | |
|    Defendant. | : | |

## MEMORANDUM

Presently before the Court is Plaintiff/Defendant Yvonne Sharrow's Motion for New Trial. (Doc. 90.) I will deny the motion because there was sufficient evidence to support of the verdict, any error in the jury instructions was not highly prejudicial, and the expert and lay opinion testimony was properly admitted. This Court has jurisdiction over the action according to 28 U.S.C. § 1332 (diversity jurisdiction).

## BACKGROUND

This case arises from a motor vehicle accident on June 4, 2006 at the

intersection of State Route 93 and Old Berwick Road in Sugarloaf Township, Pennsylvania. Defendant Jules Roy ("Roy") approached the intersection first, towing a trailer along Old Berwick Road. At the intersection from Roy's direction of travel there was a stop sign. Roy alleges that he stopped at the sign, then proceeded to cross the intersection. A third party witness, Kathleen Kerns, stated that Roy did not stop, or at least did not stop completely. While crossing the intersection, a second vehicle driven by Yvonne Sharrow ("Sharrow") approached coming down Route 93. Allegedly, Sharrow approached the intersection at a rate of speed estimated to be up to eighty (80) miles per hour while the speed limit was fifty-five (55) miles per hour. Sharrow's vehicle collided with the Roy's trailer, causing the trailer to overturn.

Sharrow filed suit in the United States District Court for the Middle District of Pennsylvania on January 10, 2008. Her action was consolidated with the one brought by ING Insurance Company of Canada because of the similar fact questions at issue. A trial on the merits of this case begin April 13, 2009. On April 17, 2009, a jury returned a verdict in favor of Roy, finding that Roy was not negligent. Because of this verdict, the jury did not reach questions of comparative negligence or damages.

## LEGAL STANDARD

Under Rule 59(a), motions for a new trial must be filed within ten days of the date the judgment was entered. *See* FED. R. CIV. P. 59. The decision to grant a new trial is left to the sound discretion of the trial judge. *See Blackiston v. Johnson,* No. 91-5111, 1995 WL 563834, at *1 (E.D. Pa. 1995), *aff'd* 91 F.3d 122 (3d Cir. 1996), *cert.*

*denied* 519 U.S. 953 (1996). Courts have granted motions for a new trial where: (1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury. *See Maylie v. Nat'l R.R. Passenger Corp.,* 791 F. Supp. 477, 480 (E.D. Pa.), *aff'd* 983 F.2d 1051 (3d Cir. 1992). Where the evidence is in conflict and subject to two or more interpretations, the trial judge should be reluctant to grant a new trial. *See Klein v. Hollings,* 992 F.2d 1285, 1295 (3d Cir. 1993).

## DISCUSSION

Plaintiff raises three separate grounds for a new trial: (1) the verdict was against the weight of the evidence, (2) this Court failed to provide an appropriate negligence *per se* jury instruction, and (3) the expert opinion evidence of Steven Rickard ("Rickard") and the lay opinion evidence of Roy was improperly admitted.

### I.   **Verdict Against the Weight of the Evidence**

Plaintiff first argues that the Court should grant a new trial because the verdict was against the weight of the evidence. I disagree. "New trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Greenleaf*, 174 F.3d at 366 (quoting *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991)). The record demonstrates that there was sufficient evidence to create several factual

3

questions which could have reasonably been decided in Roy's favor.  In particular, there were evidentiary questions of whether: (1) Roy stopped at the stop sign, (2) Roy properly checked for oncoming traffic, and (3) Sharrowed approach the intersection too rapidly.  There was evidence which supported the jury's verdict that Sharrow's conduct, rather than Roy's conduct, caused the accident.  The record does not demonstrate that a miscarriage of justice occurred in this case.

Sharrow also argues that the jury did not take sufficient time to deliberate, particularly when they returned a verdict ten (10) minutes after asking the court about the relationship between intent and negligence.  There is no reason to believe, however, that the two hours of deliberations were insufficient to examine the issues in this case.  This was a relatively straight-forward case about appropriate conduct while driving, a standard to which many of the jurors could relate, and about weighing the credibility of the evidence presented.  *See Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 166 F. Supp.2d 19, 41 (D. N.J. 2001) (declining a new trial where jury deliberated for two hours after seventeen days of complex scientific evidence).  I find that the jury's verdict was not against the weight of the evidence.  Sharrow's motion for a new trial on this issue will be denied.

**II.     Failure to Provide Negligence Per Se Instruction**

Sharrow next contends that the failure to provide a negligence *per se* instruction provides grounds for a new trial.  For any error of law the moving party must demonstrate that there was a significant error of law, and that this error was prejudicial. *See Maylie v. Nat'l R.R. Passenger Corp.,* 791 F. Supp. 477, 480 (E.D. Pa.), *aff'd* 983

F.2d 1051 (3d Cir. 1992).

A)   **Failure to Object**

As a preliminary matter, objections to jury instructions and verdict slips are waived if they are not raised by the time the jury retires for its deliberations. FED. R. CIV. PRO. 51; *Neely v. Club Med Mgmt. Servs., Inc.*, 63 F.3d 166, 200 (3d Cir. 1995). "[T]o preserve an issue for appeal, counsel must state 'distinctly the matter objected to and the grounds of the objection.'" *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 277 (3d Cir. 1998) (quoting FED. R. CIV. PRO. 51). If the claimed error is the failure to give an instruction, then a separate objection is not required where the court specifically denied the request to provide that instruction. Fed. R. Civ. Pro. 51(d)(1)(B). However, a party may not rely upon the objections of co-parties to preserve an issue; they must adopt the objection themselves. *United States v. Harris*, 104 F.3d 1465 (5th Cir. 1997); *United States v. Bernal,* 814 F.2d 175, 181-82 (5th Cir. 1987); *Osternach v. E.T. Barwick*, 825 F.2d 1521 (11th Cir. 1987).

Sharrow was represented by two sets of counsel during the trial: Duane Stone ("Stone") and Jason Duncan ("Duncan"), acting as her counsel for her role as a plaintiff, and Charles Dominick ("Dominick") acting as her counsel in a defense capacity against the action brought by ING Insurance Company of Canada. The "defense" and "plaintiff" counselors acted independently, and even sat separately during the trial; they acted as would be expected of separate parties. During the conference discussing jury instructions Dominick made a request for a negligence *per se* instruction, which I denied. The present motion for a new trial, however, is brought

by Stone and Duncan, Sharrow's other counsel.  At no time during the conference did either Stone or Duncan adopt on the record the request for a negligence *per se* instruction, nor did they object when I denied the request.  Effectively, Sharrow now seeks to use the objection of a co-party to support her motion for a new trial.  Because the moving party failed to adopt the recommendation for the instruction or object, this issue has not been properly preserved.

The prohibition on untimely objections to jury instructions imposed by Rule 51 is, however, not absolute. Courts in this circuit have held that "notwithstanding a party's failure to object under Rule 51, [a] court may still grant a new trial on [the basis of an incorrect jury instruction] if 'the error is fundamental and highly prejudicial.'" *Inter Medical Supplies, Inc. v. EBI Medical Systems, Inc.*, 975 F. Supp. 681, 697 (D.N.J. 1997) (quoting *Wagner v. Firestone Tire & Rubber Co.*, 890 F.2d 652, 658 (3d Cir. 1989)).  In order for a court to excuse a failure to comply with Rule 51, it must be apparent that failure to correct the error would result in a "miscarriage of justice." *Beardshall v. Minuteman Press Int'l, Inc.*, 664 F.2d 23, 27 (3d Cir. 1981).  Courts must exercise their discretion to review errors in jury instructions sparingly, as reviewing jury instructions to which there was no timely objection risks weakening the important policies served by Rule 51.  *See McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 769 n.29 (3d Cir. 1990).

**B)    Failure to Provide the Instruction**

Sharrow argues that this Court erred when it failed to provide a jury instruction that if Roy failed to comply with the Pennsylvania Motor Vehicle Code, then he was

6

negligent *per se*. "Pennsylvania law supports a charge of negligence *per se* when there has been an alleged violation of the motor vehicle code." *Thompson* v. *Austin*, 272 Fed. Appx. 188, 192 (3d Cir. 2008) (quoting *Jenkins v. Wolf*, 911 A.2d 568, 571 (Pa. Super. 2006)). While the Third Circuit Court of Appeals decision in *Thompson* is not binding on this Court, I find it persuasive on the present issue. In *Thompson*, there was also a factual dispute whether the Pennsylvania Motor Vehicle Code was violated. *Thompson* at 192. While in *Thompson* there was more evidence of a violation, ultimately it was the possibility that the statute was violated that created the need for a negligence *per se* instruction. *Id.* The Court of Appeals for the Third Circuit stated that "[w]hile the jury was free to find that [the defendant] did not violate the motor vehicle code, it was required to find he was negligent *per se* if they found that he did violate the code." *Id.* at 192-93. In the present case Kathleen Kerns testified that Roy failed to stop. If her testimony was believed, Roy's conduct would have violated the motor vehicle code. Because there was at least a factual dispute about the violation, an instruction on negligence *per se* was appropriate even if the jury ultimately could find no violation occurred. Therefore, I find that it was an error of law to fail to provide a negligence *per se* instruction to the jury.

Finding an error of law, however, is only the first step in examining the jury instructions at this stage. Because Sharrow failed to preserve this question, to grant a new trial on this issue the impact of such an error must be highly prejudicial. *Inter Medical Supplies* at 697. The jury was given a general negligence instruction, and it found Roy was not negligent. The jury was perfectly capable of considering whether

7

the violative conduct occurred. As a matter of common sense, failure to stop at a stop sign is a dangerous and often negligent act. Even without the negligence *per se* instruction, the risks involved with conduct constituting a violation would have been considered by the jury under the general negligence instruction. Furthermore, even if the instruction had been given with respect to Roy's failure to stop, then it certainly should have also been given where Sharrow's speed might have also violated the motor vehicle code. With the issue of negligence *per se* on both sides, the evidence in favor of finding Sharrow violated the motor vehicle code was at least equal to the evidence that Roy violated the code. I am unconvinced that the failure to give the negligence *per se* instruction was highly prejudicial. Sharrow's motion for a new trial on this issue will be denied.

## III. Admission of Expert and Lay Opinion Testimony

Sharrow's final argument is that this Court erred when it admitted the expert testimony of Rickard and the opinion testimony of Roy. Only if the legal error was significant and caused prejudiced should the motion for a new trial be granted. *See Maylie v. Nat'l R.R. Passenger Corp.,* 791 F. Supp. 477, 480 (E.D. Pa.), *aff'd* 983 F.2d 1051 (3d Cir. 1992). Sharrow contends the testimony of Rickard failed to satisfy Rule 702 of the Federal Rules of Evidence which states:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert
> by knowledge, skill, experience, training, or education, may
> testify thereto in the form of an opinion or otherwise, if (1)
> the testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods,
> and (3) the witness has applied the principles and methods

8

reliably to the facts of this case.

FED. R. EVID. Plaintiff likewise claims that Rickard's testimony failed to meet the requirements of *Daubert & Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993), and cases decided thereafter and thereunder. In performing the gate-keeping function proscribed by *Daubert*, a court must determine whether the proffered expert is qualified, whether the testimony is relevant, whether it is reliable, and whether it fits. *United States v. Downing*, 753 F.2d 1224, 1226 (3d Cir. 1985). This "fit" requirement was explicitly adopted by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). Rickard's curriculum vitae clearly established his qualifications as an expert. His testimony was also in his area of expertise, accident reconstruction, and was based upon reasonable investigation and data. There was no legal error in admitting Rickard's testimony at trial.

Sharrow also argues that the opinion testimony of Roy should have been excluded because he only had a brief period of time to estimate the speed of Sharrow's oncoming car. Determinations of vehicular speed are traditionally the type of lay opinion which courts have admitted into evidence. FED. R. EVID. 701; *see e.g. Bandera v. City of Quincy*, 344 F.3d 47, 54 (1st Cir. 2003) (appropriate lay witness opinion testimony includes "an estimate of car speed"). Even a short glance can provide a lay witness with sufficient information to make an estimate of speed. While the short time frame could raise issues of credibility, standing alone it does not render the lay witness opinion inappropriate. I find that there was also no legal error in admitting the lay witness opinion testimony by Roy. Sharrow's motion for a new trial

9

on the error to admit these opinions will be denied.

## CONCLUSION

I will deny Sharrow's motion for new trial because there was sufficient evidence to support of the verdict, any error in the jury instructions was not highly prejudicial as required when the party fails to object, and the opinion testimony was properly admitted.

An appropriate order follows.


| September 23, 2009 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

YVONNE SHARROW, et al.          :
                                :
    Plaintiffs,             :
                                :  CIVIL ACTION NO. 3:08-cv-0068
        v.                   :
                                :
JULES ROY,                      :  (JUDGE CAPUTO)
                                :
    Defendant.              :

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ING INSURANCE COMPANY OF        :
CANADA a/s/o JULES ROY,         :
                                :
    Plaintiff,              :
                                :
        v.                   :
                                :
YVONNE SHARROW.,                :  (JUDGE CAPUTO)
                                :
    Defendant.              :

## **ORDER**

**NOW**, this 23rd of September, 2009, **IT IS HEREBY ORDERED** that Plaintiff Sharrow's Motion for New Trial (Doc. 90) is **DENIED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge